### KROLL v. UNION TRUST CO.

BANKS—INSOLVENCY—SET-OFF AGAINST DEPOSIT—PARTNERSHIP.
  A person gave his note to a bank for money borrowed to put into a firm which was about to be organized. The cashier was told that the money was to be used to buy goods for the new firm, that the receipts from the sale of the goods would be deposited with the bank, and that, when the note should fall due, it would be paid from this deposit. *Held,* that this did not make the firm liable for the loan, so as to entitle it to have the amount thereof deducted from its balance on deposit with the bank at the time of its suspension.

Appeal from Wayne; Donovan, J. Submitted April 23, 1903. (Docket No. 45.) Decided June 30, 1903.

Petition by Elijah Kroll, David Chatlin, and Mayer Davis, copartners as E. Kroll & Co., against the Union Trust Company, receiver of the City Savings Bank of Detroit, to have a certain note set off against a balance on deposit. From an order denying the petition, petitioners appeal. Affirmed.

*Jasper C. Gates* and *Louis J. Rosenberg,* for petitioners.

*Bowen, Douglas & Whiting,* for defendant.

HOOKER, C. J.   The defendant is receiver in a proceeding instituted by the State Commissioner of Banking to wind up the affairs of an insolvent bank, in which a copartnership, comprising the three appellants, had a balance upon deposit when the bank ceased doing business.   They filed this petition in that proceeding, asking that the defendant be required to set off against and deduct from the balance aforesaid the amount of a promissory note held by the bank, which was made by one of the petitioners, Mayer Davis.   He signed the note "Mayer Davis & Co.," that being the name under which he was doing business at the time.   It is his claim that he and his co-petitioners had purchased a stock of dry goods, and needed $500, and that he was authorized by them to borrow it for the firm, and that the reason for not giving it in the firm name was that one Simon, the indorser, would not indorse for E. Kroll & Co., but would for Mayer Davis.   The cashier did not know this, but was told that this money was to buy goods for E. Kroll & Co., who would deposit the money received from the sale of said goods with the bank, and, when the note should become due, the same would be paid from said money so deposited.   Petitioners' counsel maintain that this arrangement made E. Kroll & Co. the debtors of the bank, and that the note was collateral, and therefore the firm was entitled to have the obligation applied in reduction of their deposit.   On the other hand, the receiver claims that Davis borrowed this money, that he was not then a member of the firm, but expected to be, if he obtained and put into the concern this money, and that the transaction did not create an obligation against the firm which the bank could have enforced, and therefore it was not a proper subject of set-off, under the rule that a debt of the

individual copartner cannot be set off against a firm demand.

It is difficult to avoid the conclusion that the bank lent this money to Davis upon his own paper, and that there was no binding contract on the part of Kroll & Co. It is not a case where the petitioners have shown that this money was borrowed by Kroll & Co., and that the note was merely collateral security. On the contrary, the testimony of the cashier is that Davis borrowed it to put into the proposed firm. There was no such firm then. There was to be, and he was to put in this $500. It was apparently part of the capital contributed by him, and raised upon his note. The circuit judge, who saw the witnesses, seems to have taken this view, and we are of the opinion that his order should be affirmed. It is so ordered, with costs.

The other Justices concurred.